# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINIETA LAWRENCE<br>Plaintiff,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br>BANK OF NEW YORK MELLON CORPORATION<br>Defendants | CIVIL ACTION NO.: 1:19-cv-10067-ADB |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

## PARTIES AND JURISDICTION

1. The Plaintiff, Vinieta Lawrence, (hereinafter "the Plaintiff"), is an individual with a usual place of residence at 16 Amor Rd. in Milton, MA 02186.

2. The Defendant, Carrington Mortgage Services, LLC, (hereinafter "Carrington" or "the Defendant"), is a national mortgage servicing institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 1600 Douglass Rd. Suite 110, Anaheim, CA 92806, which services the Plaintiff's mortgage.

3. The Defendant, Bank of New York Mellon, (hereinafter "BNY Mellon" or "the Defendant"), is a national banking servicing institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 240 Greenwich Street New York, NY 10286, which holds the Plaintiff's mortgage as trustee.

4. The Defendants has subjected itself to the long-arm jurisdiction of this Court by having undertaken business and/or transactional business in the Commonwealth of Massachusetts. The Defendant has and continues to utilize the Courts of the Commonwealth of Massachusetts for its purposes

and has thereby submitted itself to the long-arm jurisdiction of the Courts of the Commonwealth of Massachusetts.

5. The Plaintiff is the owner of a certain property known and numbered 16 Amor Rd. in Milton, MA 02186 (hereinafter the "property" or the "premises").

## RELEVANT FACTS

6. In January 2015, the Plaintiff was hit by a MBTA bus travelling at forty miles per hour, while parked in traffic at an intersection in Boston, Massachusetts.

7. As a result of the car accident, the Plaintiff incurred severe injuries to her neck, and was forced to undergo surgery. As a consequence, the Plaintiff had to stop working and defaulted on her mortgage.

8. On July 6, 2015, BNY Mellon and Greentree Mortgage (Carrington's predecessor) mailed the Plaintiff a **150-day "Notice to Cure" Letter** and **"35B Notice"** as it was required to do under Mass. Gen. Laws c. 244 § 35A and § 35B respectively. See Exhibit A.

9. As of July 6, 2015, a mortgagee had **three years** from the date that it sent out a Right to Cure Notice to a mortgagor to the time that it could actually *foreclose* on the Plaintiff's property. Failure to meet this three-year requirement would require a mortgagee to issue a new Right to Cure Notice under Mass. Gen. Laws c. 244 § 35A. See Exhibit B.

10. The July 6, 2015 Notice which the Plaintiff received was the last time either of the Defendants or their successors ever sent the Plaintiff a Notice pursuant to Mass. Gen. Laws c. 244 § 35A or § 35B.

11. Based on the law as it stood on July 6, 2015, the Defendant, BNY Mellon (and Greentree), had only until July 6, 2018 to conduct a foreclosure sale on the Plaintiff's property.

12. The foreclosure sale on the Plaintiff's property did not take place until January 3, 2019, six months after the three-year statutory deadline expired, thereby resulting in an invalid foreclosure sale.

13. On <u>January 1, 2016</u>, the Massachusetts State Legislature added an Amendment to Mass. Gen. Laws c. 244 § 35A which expanded the statutory timeframe restriction between when a mortgagee could send out a Right to Cure Notice and when it could foreclose on a mortgagor, from <u>three</u> years to <u>five</u> years. See <u>Exhibit B</u>.

14. The Amendment to Mass. Gen. Laws c. 244 § 35A, enacted on January 1, 2016, does not allow for any retro-active application of the newly expanded time-frame restriction, which means that the January 3, 2019 foreclosure sale on the Plaintiff's home was invalid.

15. In or around January 2017, completely unbeknownst to the Plaintiff, her former mortgage company, Di-tech Financial, LLC, sold the servicing rights of her mortgage to Carrington.

16. On November 30, 2018, BNY Mellon, the trustee for the Plaintiff's mortgage, sent a Notice of Mortgagee Sale letter (hereinafter "foreclosure letter") to her home, notifying her that she would lose her house to **foreclosure auction sale** on <u>**January 3, 2019**</u>. See <u>Exhibit C</u>.

17. The foreclosure letter also notified the Plaintiff, for the first time, that the servicer of her mortgage was Carrington.

18. At the time that this foreclosure letter arrived in early December 2018, the Plaintiff was unaware that Carrington was the servicer of her mortgage because they had never sent her any mortgage statements.

19. At no point during Carrington's servicing of the Plaintiff's loan in 2017 or 2018, did Carrington ever send the Plaintiff a "**150-day Notice to Cure**"**,** as it was required to do under Mass. Gen. Laws c. 244 § 35A.

20. At no point during BNY Mellon's servicing of the Plaintiff's loan in 2017 or 2018, did Carrington ever send the Plaintiff a **"35B Notice"**, as it was required to do under Mass. Gen. Laws c. 244 § 35B.

21. On January 3, 2019, some two dozen people showed up at the Plaintiff's house and participated in a foreclosure auction on her property.

22. As of January 4, 2019, neither Carrington, BNY Mellon or any other party have recorded a foreclosure deed on the Plaintiff's property in connection with the foreclosure auction which took place.

23. By way of this Verified Complaint, the Plaintiff seeks to **enjoin the recording of the foreclosure deed**, to allow time to engage legal counsel and to **rescind the foreclosure auction** so that the Plaintiff can be properly reviewed for a loan modification and redeem the property.

### COUNT I
### (MASS. GEN. LAWS c. 244 § 35A(h)(1))

**THE DEFENDANTS HAVE VIOLATED M.G.L. c. 244 § 35A(h)(1), BY FAILING TO ISSUE A 90-DAY RIGHT TO CURE NOTICE TO THE PLAINTIFF AND THEREFORE DID NOT HAVE LEGAL STANDING TO FORECLOSE ON THE PLAINTIFF'S PROPERTY UNDER MASSACHUSETTS LAW**

24. The Plaintiff repeats and reaffirms paragraphs 1-23 referenced herein.

25. The Defendants have violated M.G.L. c. 244 § 35A(h)(1), by failing to issue a Right to Cure Notice to the Plaintiff within the prescribed three-year time frame which existed as of July 5, 2015 and therefore were not entitled to foreclose on the Plaintiff's property on January 3, 2019 under Massachusetts Law.

26. The Massachusetts Supreme Judicial Court has held that "where a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure." See U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421 (2014).

27. As in this matter currently before the Court, the Schumacher case also dealt with a post-foreclosure petition which sought injunctive relief.

28. The US District Court has held that "a notice of a right-to-cure which [is defective] is at odds with the governing statute [M.G.L. c. 244 § 35A(h)(1)]". See Bulmer v. Midfirst Bank, 59 F. Supp. 3d 271 (D. Mass. 2014).

29. In this case, the most recent Notice to Cure which was sent by either of the Defendants to the Plaintiff under M.G.L. c. 244 § 35A, was the Notice dated July 5, 2015 which was sent out to the Plaintiff by BNY Mellon and Greentree.

30. Under the three-year foreclosure time frame which was in effect as of July 5, 2015, under M.G.L. c. 244 § 35A, any foreclosure sale predicated upon the July 5, 2015 Notice had to take place by July 5, 2018. This never happened and therefore the Defendants should not have been allowed to proceed with a foreclosure sale on January 3, 2019.

31. As a result of the Defendants' unlawful foreclosure on the Plaintiff's home, the Defendants have caused her to incur the loss of equity in her home, emotional distress, damage to her credit and should be required to rescind the foreclosure sale which took place.

## COUNT II
## (M.G.L. c. 244 § 35B)

### THE DEFENDANTS HAVE VIOLATED M.G.L. c. 244 § 35B BY FAILING TO SEND THE PLAINTIFF A "35B NOTICE" WHICH WOULD NOTIFY THE PLAINTIFF OF HER RIGHT TO SEEK AND OBTAIN A MORTGAGE MODIFICATION

32. The Plaintiff repeats and reaffirms paragraphs 1-31 referenced herein.

33. The Defendants, and particularly Carrington, violated Mass. Gen, Laws c. 244 § 35B by failing to provide the Plaintiff with a "35B Notice" which would have alerted her of her statutory right to seek a mortgage modification option to cure her default.

34. Both the Attorney General and Massachusetts Courts have reaffirmed that "all creditors (mortgage servicers) must (a) solicit borrowers through written notice of the borrower's right to pursue a modified mortgage loan" (the "35B notice"), and, (b) where requested, conduct loan modification reviews, and if applicable, offer loan modifications."  See In Re Nationstar Mortgage, LLC, Suffolk County Sup. Court (1/30/2018).

35. In this case, the most recent "Right to Request a Loan Modification" Notice which was sent by either of the Defendants to the Plaintiff under M.G.L. c. 244 § 35B, was the 35B Notice dated July 5, 2015 which was sent out to the Plaintiff by BNY Mellon and Greentree. See Exhibit A.

5

36. Under the three-year foreclosure time frame which was in effect as of July 5, 2015, under M.G.L. c. 244 § 35B, any foreclosure sale predicated upon the July 5, 2015 Notice had to take place by July 5, 2018. This never happened and therefore the Defendants should not have been allowed to proceed with a foreclosure sale on January 3, 2019.

37. In the case before this Court, the Defendants never sent the Plaintiff a "35B Notice" as required by law, which would have alerted the Plaintiff to her right to pursue a loan modification with Carrington and/or BNY Mellon, within the prescribed three-year time frame.

38. Despite never having sent the Plaintiff a "35B Notice", the Defendants still chose to file an Affidavit with the Commonwealth stating that they had done so, thereby misrepresenting to the Commonwealth that they had satisfied the requirements of the applicable foreclosure statutes needed to proceed with the foreclosure on January 3, 2019.

39. As a result of the Defendants' unlawful foreclosure on the Plaintiff's home, the Defendants have caused her to incur the loss of equity in her home, emotional distress, damage to her credit and should be required to rescind the foreclosure sale which took place.

### COUNT III
### (M.G.L. c. 183 § 21)

**THE DEFENDANTS HAVE VIOLATED M.G.L. c. 183 § 21 BY FAILING TO COMPLY WITH THE STATUTES WHICH GOVERN THE FORECLOSURE OF MORTGAGES UNDER A MORTGAGEE'S EXERCISE OF ITS STATUTORY POWER OF SALE**

40. The Plaintiff repeats and reaffirms paragraphs 1-39 referenced herein.

41. The Defendants have violated M.G.L. c. 183, § 21, by failing to come into strict compliance with the terms of the mortgage and the statutes relating to the foreclosure of mortgages by the exercise of a mortgagee's statutory power of sale.

42. The Massachusetts Supreme Judicial Court has held that "Section 21 [of Chapter 183], provides that for a foreclosure sale to be valid, the mortgagee must first comply with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." See Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118, 1127 (2012)

6

43. The US District Court has concluded that the "notice provisions [of M.G.L. 244 § 35] may relate to the exercise of the statutory power of sale" and have therefore allowed claims under M.G.L. c. 183, § 21 to survive Motions to Dismiss brought by lenders under identical circumstances as those in this case. See <u>Sullivan v. Bank of New York Mellon Corp.</u>, 91 F.Supp.3d 154, 166 (2015).

44. In the case before this Court, the Defendants' failure to comply with the notice provisions of M.G.L. 244 § 35A and M.G.L. 244 § 35B has invalidated their exercise of their statutory power of sale under M.G.L. c. 183, § 21 and the foreclosure which took place on January 3, 2019 should be rescinded.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff demands as follows:

1. That this Honorable Court issue a a **Preliminary Injunction** restraining and/or enjoining the Defendant, it's attorneys, agents, employees or any other person or entity acting under its direction or control from either directly or indirectly **recording a foreclosure deed** in connection with the foreclosure auction which took place on the Plaintiff's property at 16 Amor Rd. in Milton, MA on January 3, 2019.

2. That this Court enter a judgment in favor of the Plaintiff on <u>Count I</u>.

3. That this Court enter a judgment in favor of the Plaintiff on <u>Count II</u>.

4. That this Court enter a judgment in favor of the Plaintiff on <u>Count III</u>.

    Respectfully submitted,

    Plaintiff,
    Vinieta Lawrence

    By her Attorney,

    <u>/s/ Gregory M. Sullivan, Esq.</u>
    BBO# 485970
    Law Offices of Gregory M. Sullivan
    214 Commercial St. Suite 206
    Malden, MA 02148
    Tel. (781) 608-2334
    Fax. (781) 322-0090
    gsullivanlaw@aol.com

February 4, 2019

**CERTIFICATE OF SERVICE**

    I, Gregory M. Sullivan, Esq., counsel for the Plaintiff, attest that I have arranged for electronic service via ECF on the Defendant this 4th day of February 2019 the foregoing document.

                                    /s/ Gregory M. Sullivan
                                    Gregory M. Sullivan